**Delmo L. FRAGEL, Plaintiff,**

v.

**TRINITY INDUSTRIES TRANSPORTATION, INC., Defendant.**

**No. CIV. A. 97–2364–GTV.**

United States District Court, D. Kansas.

Sept. 2, 1997.

Darold D. Bolton, Marysville, KS, William C. O'Keefe, Seneca, KS, for Plaintiff.

Daric S. Smith, Schroer, Rice, P.A., Topeka, KS, Michael L. Knapek, Jackson Walker, L.L.P., Dallas, TX, for Defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court upon plaintiff's motion to remand (Doc. 9) and accompanying request for oral argument.[1] Plaintiff contends the action was improperly removed to federal court in violation of 28 U.S.C.

§ 1446. For the reasons set forth below, plaintiff's motion is denied.

Plaintiff originally filed this case on April 15, 1997, in the District Court of Marshall County, Kansas. Plaintiff's petition set out a laundry list of alleged injuries and requested damages "in excess of $50,000." At that time, defendant made no attempt to remove the case to federal court. On June 20, 1997, defendant requested from plaintiff a statement of monetary damages. Plaintiff responded on June 30, 1997, alleging specific damages in the amount of $250,000. On July 23, 1997, defendant then filed a notice of removal to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

■■■ "When a plaintiff files in state court a civil action over which the federal district court would have original jurisdiction based on diversity of citizenship, the defendant ... may remove the action to federal court [pursuant to 28 U.S.C. § 1441(a) ]." *Caterpillar Inc. v. Lewis,* —— U.S. ——, ——, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996). Generally, a defendant must file a notice of removal of civil action within thirty days after receiving a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b). However, "[i]n a case not originally removable, a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements ... may remove the case to federal court within 30 days of receiving such information." *Caterpillar,* —— U.S. at —— —— ——, 117 S.Ct. at 472–73 (citing 28 U.S.C. § 1446(b)).[2]

■■■ The issue in this case is whether the case was removable on April 15, 1997, the date plaintiff filed its original petition. If the action was removable, defendant's notice of removal was untimely as it was filed after the requisite thirty day removal period has expired. *See* 28 U.S.C. § 1446(b). If the action was not originally removable, defen-

1. Because the court finds that oral argument would not be of material assistance in the resolution of the motion, the request is denied. *See* D. Kan. R. 7.2.

2. 28 U.S.C. § 1446(b) provides, in relevant part: If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

dant's notice of removal was timely and plaintiff's motion to remand must be denied.

Plaintiff insists that the case was removable at the time plaintiff filed its original petition. Although plaintiff's petition denoted an amount in controversy merely "in excess of $50,000.00," plaintiff argues that the petition provided enough facts to inform the defendant that the amount in controversy exceeded the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332. Defendant responds that it acted reasonably in not removing a petition that alleged an amount of damages substantially less than the jurisdictional minimum. Defendant further argues that, prior to attempting to remove the case, it properly sought additional information to determine the actual amount in controversy. The court agrees with defendant.

Section 1446(b) states that the thirty day period for filing a notice of removal is not triggered until such documents are filed that allow a defendant to "ascertain" whether the case is one that is, or has become, removable. 28 U.S.C. § 1446(b). Citing Webster's New Collegiate Dictionary, the Tenth Circuit has defined "ascertain" as "to find out or learn with certainty." *See DeBry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir.1979). Although plaintiff's petition alleged an array injuries, the information was not sufficient to permit defendant to know with certainty that the amount in controversy exceeded $75,000. Indeed, plaintiff's response to defendant's request for a statement of monetary damages represented the first "amended pleading, motion, order or other paper" from which defendant could ascertain that the jurisdictional amount had been met. *See* 28 U.S.C. § 1446(b). The thirty day filing period, therefore, was not triggered until June 30, 1997, and defendant's notice of removal was timely.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to remand (Doc. 9) is denied.

**IT IS SO ORDERED.**